1   GARY OWEN CARIS (SBN 088918)
    E-mail: gcaris@mckennalong.com
2   LESLEY ANNE HAWES (SBN 117101)
    E-mail: lhawes@mckennalong.com
3   ANGELA E. FONES (SBN 245204)
    E-mail: afones@mckennalong.com
4   MCKENNA LONG & ALDRIDGE LLP
    300 South Grand Avenue, 14th Floor
5   Los Angeles, CA 90071-3124
    Telephone: (213) 688-1000
6   Facsimile: (213) 243-6330

7   Attorneys for Plaintiff
    ROBB EVANS & ASSOCIATES LLC as Receiver
8   for AOB COMMERCE, INC., et al.

9

10              UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13   ROBB EVANS & ASSOCIATES LLC         CASE NO.
     as Receiver for AOB COMMERCE,
14   INC., AOB ASIA FUND I, LLC, AOB     COMPLAINT FOR: (1)
     MANAGEMENT, INC., AOB              AVOIDANCE OF FRAUDULENT
15   MEDIA, INC., AOB                    TRANSFERS (CAL. CIV. CODE
     TRANSPORTATION, INC., AOB          SECTION 3439.04(A)(1)); (2)
16   VACATIONS, INC., and Their          AVOIDANCE OF FRAUDULENT
     Subsidiaries and Affiliates,        TRANSFERS (CAL. CIV. CODE
17                                        SECTION 3439.04(A)(2); (3)
                   Plaintiff,            AVOIDANCE OF FRAUDULENT
18                                        TRANSFERS (CAL. CIV. CODE
           v.                            SECTION 3439.05); (4) TURNOVER
19                                        OF RECEIVERSHIP PROPERTY;
     DAVID FAN; CAROLYN FAN; TE          (5) UNJUST ENRICHMENT/
20   MING CHU also known as SIMON        CONSTRUCTIVE TRUST
     CHU; HARVEST TREE INC., a
21   California corporation; ROSE L.
     KELLY; YUAN-HAI LI; MINH
22   NGUYEN; HSIEN-HSIANG TSAI
     also known as MATTHEW TSAI;
23   GERALD UPSHAW; and JULIANNE
     UPSHAW,
24
                   Defendants.
25

26
          Plaintiff Robb Evans & Associates LLC as Receiver for AOB Commerce,
27
     Inc., AOB Asia Fund I, LLC, AOB Management, Inc., AOB Media, Inc., AOB
28

1   Transportation, Inc., AOB Vacations, Inc. and their subsidiaries and affiliates

2   hereby complains and alleges as follows:

3   **JURISDICTION AND VENUE**

4       1.    The Securities and Exchange Commission commenced an action in the

5   United States District Court for the Central District of California, entitled <u>Securities</u>

6   <u>and Exchange Commission v. AOB Commerce, Inc., et al.</u>, Case No. CV 07-4507

7   CAS (JCx) (the "SEC Action").

8       2.    On or about July 12, 2007, the Court entered that certain Temporary

9   Restraining Order and Orders (1) Freezing Assets; (2) Requiring Accountings;

10   (3) Prohibiting the Destruction of Documents; (4) Expediting Discovery;

11   (5) Appointing a Temporary Receiver; and Order to Show Cause Re Preliminary

12   Injunction and Appointment of a Permanent Receiver ("Temporary Restraining

13   Order") in the SEC Action pursuant to which plaintiff Robb Evans & Associates

14   LLC was appointed as Temporary Receiver over AOB Commerce, Inc., AOB Asia

15   Fund I, LLC, AOB Management, Inc., AOB Media, Inc., AOB Transportation, Inc.,

16   and AOB Vacations, Inc., and their subsidiaries and affiliates (individually and

17   collectively "Receivership Entities").  A true and correct copy of the Temporary

18   Restraining Order is attached hereto as Exhibit 1 and incorporated herein by this

19   reference.

20       3.    On August 14, 2007, the Court entered a Preliminary Injunction Order

21   and Orders:  (1) Appointing Permanent Receiver and (2) Denying Defendant Liao's

22   Request for Release of Funds (the "Preliminary Injunction Order") in the SEC

23   Action pursuant to which plaintiff Robb Evans & Associates LLC (hereinafter

24   referred to as "Receiver" or "Plaintiff") was appointed as Permanent Receiver over

25   the Receivership Entities.  A true and correct copy of the Preliminary Injunction

26   Order is attached hereto as Exhibit 2 and is incorporated herein by this reference.

27       4.    The Temporary Restraining Order and the Preliminary Injunction

28   Order appointed Robb Evans & Associates LLC as receiver over the Receivership

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

LA:17730332.3

COMPLAINT

1   Entities, with full powers of an equity receiver, including but not limited to, full

2   power over all funds, assets, collateral, premises, choses in action, books, records,

3   papers and other property belonging to or in the possession of or control of the

4   Receivership Entities and full power to sue and to marshal and collect assets of the

5   receivership estate and such other powers more fully described in such Orders.

6        5.    A Judgment of Permanent Injunction and Other Relief Against

7   Defendants AOB Commerce and AOB Asia Fund I, LLC, and Relief Defendants

8   AOB Management, Inc., AOB Media, Inc., AOB Transportation, Inc. and AOB

9   Vacations, Inc. ("Permanent Injunction") was entered in the SEC Action on

10  September 3, 2008, a true and correct copy of which is attached hereto as Exhibit 3

11  and incorporated herein by this reference.  The  Permanent Injunction continued the

12  Receiver as Permanent Receiver and all powers and duties granted the Receiver

13  under the Preliminary Injunction Order remain in full force and effect.  The

14  Permanent Injunction reserves jurisdiction in the Court to enter an order for

15  monetary disgorgement against the Receivership Entities.

16       6.    On June 15, 2009, pursuant to the Receiver's motion in the SEC

17  Action, the Court entered an order authorizing, among other things, the Receiver to

18  commence litigation against third parties who received payments and transfers of

19  funds from the Receivership Entities, including third party investors who received

20  payments from the Receivership Entities in excess of the amount they invested

21  and/or third parties who participated in the solicitation and sale of the fraudulent

22  investments offered by the Receivership Entities and received payments from the

23  Receivership Entities in connection therewith, including payments purportedly as

24  commissions or bonuses (the "Litigation Order") to pursue recovery of assets of the

25  receivership estate.  A true and correct copy of the Litigation Order is attached

26  hereto as Exhibit 4 and is incorporated herein by this reference.

27       7.    This Court has jurisdiction over this action pursuant to this Court's

28  ancillary and supplemental jurisdiction over actions brought by the Receiver

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 3 -

COMPLAINT

LA:17730332.3

1  pursuant to this Court's Temporary Restraining Order, Preliminary Injunction
2  Order and Permanent Injunction and 28 U.S.C. §§ 1331 and 1367.
3      8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that
4  the claims stated herein arose in this district and the payments and transfers
5  complained of herein were made in this district.
6              **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**
7      9.    Plaintiff is informed and believes and thereon alleges that at all times
8  relevant hereto, the Receivership Entities were organized under the laws of the
9  State of California and had their principal places of business in the State of
10 California.
11     10.   Plaintiff is informed and believes and thereon alleges that at all times
12 relevant hereto, the Receivership Entities were engaged in the fraudulent sale of
13 illegal, unregistered investments as part of a Ponzi-type scheme by which investors
14 were paid fictitious "profits" or "interest" payments with monies generated from
15 other investors.  Since at least 2004, the Receivership Entities solicited over $47
16 million from at least 500 investors, and thereafter failed to pay back to investors not
17 less than $23 million.
18     11.   Plaintiff is informed and believes and thereon alleges that in soliciting
19 the investments made by the investors in the Receivership Entities' fraudulent and
20 illegal investment scheme, the Receivership Entities asserted that the investors
21 would receive unrealistic returns ranging generally from 2% to 3.75% per month, or
22 24% to 45% per year.  Plaintiff is further informed and believes and thereon alleges
23 that the investments purportedly offered by the Receivership Entities were
24 fraudulent, illegal and/or fictitious.  Plaintiff is informed and believes and thereon
25 alleges that such investments were generally documented in the form of promissory
26 notes which include provisions for the payment of interest or a "risk management
27 fee" as returns on such investments.
28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17730332.3

- 4 -

COMPLAINT

12.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, the investment scheme operated by the Receivership Entities was insolvent and its assets were insufficient to pay the obligations due and to become due to the investors and others to whom the Receivership Entities were obligated.

13.     Plaintiff is informed and believes and thereon alleges that certain of the investors received payments that exceeded the amount of the funds they invested or deposited with the Receivership Entities (referred to hereinafter individually and collectively as "Winning Investors").

14.     Plaintiff is informed and believes and thereon alleges that there are hundreds of investors who received payments from the Receivership Entities in an aggregate amount less than the principal amount they invested in the scheme and are owed a collective total of not less than $23 million (those investors holding these claims are referred to hereinafter individually and collectively as the "Losing Investors") and that there are other creditors of the Receivership Entities whose obligations arose prior to the commencement of the receivership under the Temporary Restraining Order and whose obligations remain unsatisfied.  Plaintiff is informed and believes and thereon alleges that there are insufficient assets of the Receivership Entities to satisfy the obligations owed to Losing Investors and other creditors of the Receivership Entities, and that there will be a large shortfall of assets to satisfy claims against the Receivership Entities.

15.     Plaintiff is informed and believes and thereon alleges that the Receivership Entities solicited and sold the fraudulent, illegal and/or fictitious investments in part through various third party agents who received payments in connection therewith sometimes characterized as "commissions" or "bonuses" or "referral fees" (referred to hereinafter as "Agents").  Plaintiff is further informed and believes and thereon alleges that certain of the Agents were also investors who received transfers of funds from the Receivership Entities in excess of the amount of their investments.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17730332.3

COMPLAINT

16.    The choses in action for recovery of property of the receivership estate from third parties constitute receivership estate assets as to which the Receiver is authorized to sue and collect and to recover pursuant to the Court's Orders, Exhibits 1, 2, 3 and 4 attached to this Complaint.

17.    Plaintiff is informed and believes and thereon alleges that defendant David Fan is an individual residing in the State of California.

18.    Plaintiff is informed and believes and thereon alleges that defendant Carolyn Fan is an individual residing in the State of California.

19.    Plaintiff is informed and believes and thereon alleges that defendant Te Ming Chu also known as Simon Chu ("Chu") is an individual residing in the State of California.

20.    Plaintiff is informed and believes and thereon alleges that defendant Harvest Tree Inc. is a California corporation organized and existing under the laws of the State of California and with its principal place of business located in the State of California.

21.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, defendant Chu was and is affiliated with and controlled defendant Harvest Tree Inc., that Harvest Tree Inc. is the alter ego of defendant Chu and that grounds exist to pierce the veil of the corporate entity Harvest Tree Inc. and to hold Chu liable for the obligations of Harvest Tree Inc. to Plaintiff based on, without limitation, the following:

A.    Plaintiff is informed and believes and thereon alleges that defendant Harvest Tree Inc. acted solely as a conduit for the transfer of funds from the Receivership Entities through Harvest Tree Inc. to and/or for the benefit of defendant Chu;

B.    Plaintiff is informed and believes and thereon alleges that defendant Harvest Tree Inc. has a unity of interest with defendant Chu and is subject to defendant Chu's dominance and control;

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

COMPLAINT

LA:17730332.3

C.      Plaintiff is informed and believes and thereon alleges that defendant Harvest Tree Inc. at all times relevant hereto had inadequate capital for the business which it was purportedly conducting, if any; and

D.      Plaintiff is informed and believes and thereon alleges that defendant Chu used and treated the assets of defendant Harvest Tree Inc. as his own personal assets in disregard of the separate legal form and existence of defendant Harvest Tree Inc.

22.     Plaintiff is informed and believes and thereon alleges that defendant Rose L. Kelly is an individual residing in the State of California.

23.     Plaintiff is informed and believes and thereon alleges that defendant Yuan-Hai Li is an individual residing in the State of California.

24.     Plaintiff is informed and believes and thereon alleges that defendant Minh Nguyen is an individual residing in the State of California.

25.     Plaintiff is informed and believes and thereon alleges that defendant Hsien-Hsiang Tsai also known as Matthew Tsai is an individual residing in the State of California.

26.     Plaintiff is informed and believes and thereon alleges that defendant Gerald Upshaw is an individual residing in the State of California.

27.     Plaintiff is informed and believes and thereon alleges that defendant Julianne Upshaw is an individual residing in the State of California.

28.     Plaintiff is informed and believes and thereon alleges that prior to commencement of the receivership, defendants, and each of them, paid to and deposited sums with the Receivership Entities for the purposes of investment in the investment scheme operated by the Receivership Entities (such sums being referred to hereinafter for convenience as the "Deposit Amounts").

29.     Plaintiff is further informed and believes and thereon alleges that one or more of the defendants, at one or more times may have acted as Agents for the solicitation and sale of the fraudulent, illegal and/or fictitious investments of the

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

COMPLAINT

LA:17730332.3

1    Receivership Entities and in connection therewith received payments from the

2    Receivership Entities designated as "commissions" or "bonuses" or "referral fees."

3         30.    Plaintiff is informed and believes and thereon alleges that prior to the

4    commencement of the receivership the defendants, and each of them, received

5    aggregate payments and transfers in excess of the amounts of such defendants'

6    Deposit Amounts, consisting of the following:

7         A.    Defendants David Fan and Carolyn Fan, jointly and severally, received

8    payments in excess of the Deposit Amounts paid to the Receivership Entities by

9    such defendants in the sum of $315,507.69 ("Fan Transfers");

10        B.    Defendants Te Ming Chu, also known as Simon Chu and Harvest Tree

11   Inc., jointly and severally, received payments in excess of the Deposit Amounts

12   paid to the Receivership Entities by such defendants in the sum of $471,654.09

13   ("Chu/Harvest Tree Transfers");

14        C.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

15   alter ego of defendant Chu, then defendant Chu received payments in excess of the

16   Deposit Amounts paid to the Receivership Entities by such defendant in the sum of

17   $24,954.50 ("Chu Transfers");

18        D.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

19   alter ego of defendant Chu, then defendant Harvest Tree Inc. received payments in

20   excess of the Deposit Amounts paid to the Receivership Entities by such defendant

21   in the sum of $446,699.59 ("Harvest Tree Transfers");

22        E.    Defendant Rose L. Kelly received payments in excess of the Deposit

23   Amounts paid to the Receivership Entities by such defendant in the sum of

24   $152,890.41 ("Kelly Transfers");

25        F.    Defendant Yuan-Hai Li received payments in excess of the Deposit

26   Amounts paid to the Receivership Entities by such defendant in the sum of

27   $197,607.82 ("Li Transfers");

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

LA:17730332.3

COMPLAINT

G.     Defendant Minh Nguyen received payments in excess of the Deposit Amounts paid to the Receivership Entities by such defendant in the sum of $125,551.03 ("Nguyen Transfers");

H.     Defendant Hsien-Hsiang Tsai, also known as Matthew Tsai received payments in excess of the Deposit Amounts paid to the Receivership Entities by such defendant in the sum of $582,815.50 ("Tsai Transfers");

I.     Defendants Gerald Upshaw and Julianne Upshaw, jointly and severally, received payments in excess of the Deposit Amounts paid to the Receivership Entities by such defendants in the sum of $231,516.66 ("Upshaw Transfers").

31.     Plaintiff alleges that the Fan Transfers, Chu/Harvest Tree Transfers, Chu Transfers, Harvest Tree Transfers, Kelly Transfers, Li Transfers, Nguyen Transfers, Tsai Transfers, and Upshaw Transfers (individually and collectively, the "Transfers") constitute fictitious profit payments and/or commissions or bonuses or referral fees paid to such defendants from funds solicited by and paid to the Receivership Entities from other investors in the Receivership Entities' fraudulent investment scheme, including but not limited to from the Losing Investors.

32.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, gave no value in exchange for the amounts paid to them by the Receivership Entities comprising the Transfers and/or did not take the amounts paid to them by the Receivership Entities comprising the Transfers in good faith.

33.     Plaintiff is informed and believes and thereon alleges that the amounts comprising the Transfers paid to defendants, and each of them, as hereinabove alleged, were paid with proceeds of fraudulently and unlawfully obtained investments and funds fraudulently and unlawfully solicited by the Receivership Entities from investors who acquired the Receivership Entities' investments in connection with the Receivership Entities' operation of a Ponzi scheme as hereinabove alleged.  The amounts comprising the Transfers received by

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17730332.3

- 9 -

COMPLAINT

1    defendants, and each of them, as set forth above, are the rightful property of the

2    receivership estate, pursuant to, without limitation, the Orders, Exhibits 1, 2, 3, and

3    4 hereto, which the Receiver is authorized to recover for the benefit of the

4    receivership estate pursuant to Exhibits 1, 2, 3, and 4 and applicable law.

5                                **FIRST CLAIM FOR RELIEF**

6                            **(Avoidance of Fraudulent Transfers –**

7                            **California Civil Code § 3439.04(a)(1))**

8           34.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through

9    33, inclusive, and by reference thereto, incorporates the same herein as though set

10   forth in full.

11          35.    Plaintiff is informed and believes and thereon alleges that the

12   Transfers were transferred and paid by the Receivership Entities to defendants, and

13   each of them, with the actual intent to hinder, delay or defraud the present and

14   future creditors of the Receivership Entities, specifically including but not limited

15   to the Losing Investors, within the meaning of California Civil Code §

16   3939.04(a)(1).

17          36.    Plaintiff is informed and believes and thereon alleges that defendants,

18   and each of them, did not take the funds comprising the Transfers in good faith and

19   for a reasonably equivalent value, and defendant is not a good faith transferee

20   within the meaning of the California Uniform Fraudulent Transfer Act, California

21   Civil Code § 3439, et seq.

22          37.    By reason of the foregoing, pursuant to California Civil Code

23   § 3439.07, the Transfers to the following defendants, and each of them, should be

24   avoided and Plaintiff is entitled to recover from defendants, and each of them, sums

25   in the amount of not less than the following:

26          A.     As to defendants David Fan and Carolyn Fan, jointly and severally, the

27   sum of $315,507.69 representing the Fan Transfers, plus interest thereon at the legal

28   rate from the date of each payment or transfer until such payments or transfers are

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 10 -

COMPLAINT

LA:17730332.3

1  repaid to the Receiver in full or date of entry of judgment, whichever occurs first,

2  according to proof at trial or at the time of entry of judgment;

3        B.    As to defendants Te Ming Chu also known as Simon Chu and Harvest

4  Tree Inc., jointly and severally, the sum of $471,654.09 representing the Chu

5  Transfers, plus interest thereon at the legal rate from the date of each payment or

6  transfer until such payments or transfers are repaid to the Receiver in full or date of

7  entry of judgment, whichever occurs first, according to proof at trial or at the time

8  of entry of judgment;

9        C.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

10  alter ego of defendant Chu, then the sum of $24,954.50 representing the Chu

11  Transfers, plus interest thereon at the legal rate from the date of each payment or

12  transfer until such payments or transfers are repaid to the Receiver in full or date of

13  entry of judgment, whichever occurs first, according to proof at trial or at the time

14  of entry of judgment;

15        D.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

16  alter ego of defendant Chu, then the sum of $446,699.59 representing the Harvest

17  Tree Transfers, plus interest thereon at the legal rate from the date of each payment

18  or transfer until such payments or transfers are repaid to the Receiver in full or date

19  of entry of judgment, whichever occurs first, according to proof at trial or at the

20  time of entry of judgment;

21        E.    As to defendant Rose L. Kelly, the sum of $152,890.41 representing

22  the Kelly Transfers, plus interest thereon at the legal rate from the date of each

23  payment or transfer until such payments or transfers are repaid to the Receiver in

24  full or date of entry of judgment, whichever occurs first, according to proof at trial

25  or at the time of entry of judgment;

26        F.    As to defendant Yuan-Hai Li, the sum of $197,607.82 representing the

27  Li Transfers, plus interest thereon at the legal rate from the date of each payment or

28  transfer until such payments or transfers are repaid to the Receiver in full or date of

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17730332.3

COMPLAINT

1  entry of judgment, whichever occurs first, according to proof at trial or at the time

2  of entry of judgment;

3      G.    As to defendant Minh Nguyen, the sum of $125,551.03 representing

4  the Nguyen Transfers, plus interest thereon at the legal rate from the date of each

5  payment or transfer until such payments or transfers are repaid to the Receiver in

6  full or date of entry of judgment, whichever occurs first, according to proof at trial

7  or at the time of entry of judgment;

8      H.    As to defendant Hsien-Hsiang Tsai also known as Matthew Tsai, the

9  sum of $582,815.50 representing the Tsai Transfers, plus interest thereon at the

10  legal rate from the date of each payment or transfer until such payments or transfers

11  are repaid to the Receiver in full or date of entry of judgment, whichever occurs

12  first, according to proof at trial or at the time of entry of judgment;

13      I.    As to defendants Gerald Upshaw and Julianne Upshaw, jointly and

14  severally, the sum of $231,516.66 representing the Upshaw Transfers, plus interest

15  thereon at the legal rate from the date of each payment or transfer until such

16  payments or transfers are repaid to the Receiver in full or date of entry of judgment,

17  whichever occurs first, according to proof at trial or at the time of entry of

18  judgment.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer –
### California Civil Code § 3439.04(a)(2))

22      38.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through

23  33, inclusive, and by reference thereto, incorporates the same herein as though set

24  forth in full.

25      39.    Plaintiff is informed and believes and thereon alleges that the

26  Receivership Entities transferred sums comprising the Transfers to defendants, and

27  each of them, without receiving reasonably equivalent value in exchange for the

28  Transfers and that the Receivership Entities were engaged in or were about to

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 12 -

COMPLAINT

LA:17730332.3

1  engage in transactions for which their remaining assets were unreasonably small in
2  relation to the business or transactions, and/or the Receivership Entities intended to
3  incur, or believed or reasonably should have believed that the Receivership Entities
4  would incur, debts beyond the Receivership Entities' ability to pay as they became
5  due, within the meaning of California Civil Code § 3439.04(a)(2), and constitute
6  fraudulent transfers as to present and future creditors of the Receivership Entities
7  within the meaning of California Civil Code § 3439.04(a)(2).

8       40.    The Transfers to defendants, and each of them, should be avoided and
9  Plaintiff is entitled to recover from defendants, and each of them, sums in the
10  amount of not less than the following:

11       A.    As to defendants David Fan and Carolyn Fan, jointly and severally, the
12  sum of $315,507.69 representing the Fan Transfers, plus interest thereon at the legal
13  rate from the date of each payment or transfer until such payments or transfers are
14  repaid to the Receiver in full or date of entry of judgment, whichever occurs first,
15  according to proof at trial or at the time of entry of judgment;

16       B.    As to defendants Te Ming Chu also known as Simon Chu and Harvest
17  Tree Inc., jointly and severally, the sum of $471,654.09 representing the Chu
18  Transfers, plus interest thereon at the legal rate from the date of each payment or
19  transfer until such payments or transfers are repaid to the Receiver in full or date of
20  entry of judgment, whichever occurs first, according to proof at trial or at the time
21  of entry of judgment;

22       C.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an
23  alter ego of defendant Chu, then the sum of $24,954.50 representing the Chu
24  Transfers, plus interest thereon at the legal rate from the date of each payment or
25  transfer until such payments or transfers are repaid to the Receiver in full or date of
26  entry of judgment, whichever occurs first, according to proof at trial or at the time
27  of entry of judgment;

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17730332.3

- 13 -

COMPLAINT

1    D.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

2    alter ego of defendant Chu, then the sum of $446,699.59 representing the Harvest

3    Tree Transfers, plus interest thereon at the legal rate from the date of each payment

4    or transfer until such payments or transfers are repaid to the Receiver in full or date

5    of entry of judgment, whichever occurs first, according to proof at trial or at the

6    time of entry of judgment;

7    E.    As to defendant Rose L. Kelly, the sum of $152,890.41 representing

8    the Kelly Transfers, plus interest thereon at the legal rate from the date of each

9    payment or transfer until such payments or transfers are repaid to the Receiver in

10   full or date of entry of judgment, whichever occurs first, according to proof at trial

11   or at the time of entry of judgment;

12   F.    As to defendant Yuan-Hai Li, the sum of $197,607.82 representing the

13   Li Transfers, plus interest thereon at the legal rate from the date of each payment or

14   transfer until such payments or transfers are repaid to the Receiver in full or date of

15   entry of judgment, whichever occurs first, according to proof at trial or at the time

16   of entry of judgment;

17   G.    As to defendant Minh Nguyen, the sum of $125,551.03 representing

18   the Nguyen Transfers, plus interest thereon at the legal rate from the date of each

19   payment or transfer until such payments or transfers are repaid to the Receiver in

20   full or date of entry of judgment, whichever occurs first, according to proof at trial

21   or at the time of entry of judgment;

22   H.    As to defendant Hsien-Hsiang Tsai also known as Matthew Tsai, the

23   sum of $582,815.50 representing the Tsai Transfers, plus interest thereon at the

24   legal rate from the date of each payment or transfer until such payments or transfers

25   are repaid to the Receiver in full or date of entry of judgment, whichever occurs

26   first, according to proof at trial or at the time of entry of judgment;

27   I.    As to defendants Gerald Upshaw and Julianne Upshaw, jointly and

28   severally, the sum of $231,516.66 representing the Upshaw Transfers, plus interest

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17730332.3

COMPLAINT

1  thereon at the legal rate from the date of each payment or transfer until such

2  payments or transfers are repaid to the Receiver in full or date of entry of judgment,

3  whichever occurs first, according to proof at trial or at the time of entry of

4  judgment.

5  **THIRD CLAIM FOR RELIEF**

6  **(Avoidance of Fraudulent Transfer –**

7  **California Civil Code § 3439.05)**

8       41.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through

9  33, inclusive, and by reference thereto, incorporates the same herein as though more

10  fully set forth at length.

11       42.    The payments comprising the Transfers made by the Receivership

12  Entities to defendants, and each of them, as hereinabove alleged, constitute

13  transfers made by the Receivership Entities without receiving reasonably equivalent

14  value in exchange therefor and the Receivership Entities were insolvent at that time

15  and/or became insolvent as a result thereof, within the meaning of California Civil

16  Code § 3439.05, and therefore constitute fraudulent transfers as to Creditors of the

17  Receivership Entities, including the Losing Investors, existing at the time of each

18  such transfer within the meaning of California Civil Code § 3439.05.

19       43.    By virtue of the foregoing, pursuant to California Civil Code §

20  3439.07, Plaintiff seeks to recover all such amounts that the defendants, and each of

21  them, received from the Receivership Entities comprising the Transfers in sums in

22  the amount of not less than the following:

23       A.    As to defendants David Fan and Carolyn Fan, jointly and severally, the

24  sum of $315,507.69 representing the Fan Transfers, plus interest thereon at the legal

25  rate from the date of each payment or transfer until such payments or transfers are

26  repaid to the Receiver in full or date of entry of judgment, whichever occurs first,

27  according to proof at trial or at the time of entry of judgment;

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

COMPLAINT

LA:17730332.3

1     B.     As to defendants Te Ming Chu also known as Simon Chu and Harvest

2   Tree Inc., jointly and severally, the sum of $471,654.09 representing the Chu

3   Transfers, plus interest thereon at the legal rate from the date of each payment or

4   transfer until such payments or transfers are repaid to the Receiver in full or date of

5   entry of judgment, whichever occurs first, according to proof at trial or at the time

6   of entry of judgment;

7     C.     Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

8   alter ego of defendant Chu, then the sum of $24,954.50 representing the Chu

9   Transfers, plus interest thereon at the legal rate from the date of each payment or

10   transfer until such payments or transfers are repaid to the Receiver in full or date of

11   entry of judgment, whichever occurs first, according to proof at trial or at the time

12   of entry of judgment;

13     D.     Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

14   alter ego of defendant Chu, then the sum of $446,699.59 representing the Harvest

15   Tree Transfers, plus interest thereon at the legal rate from the date of each payment

16   or transfer until such payments or transfers are repaid to the Receiver in full or date

17   of entry of judgment, whichever occurs first, according to proof at trial or at the

18   time of entry of judgment;

19     E.     As to defendant Rose L. Kelly, the sum of $152,890.41 representing

20   the Kelly Transfers, plus interest thereon at the legal rate from the date of each

21   payment or transfer until such payments or transfers are repaid to the Receiver in

22   full or date of entry of judgment, whichever occurs first, according to proof at trial

23   or at the time of entry of judgment;

24     F.     As to defendant Yuan-Hai Li, the sum of $197,607.82 representing the

25   Li Transfers, plus interest thereon at the legal rate from the date of each payment or

26   transfer until such payments or transfers are repaid to the Receiver in full or date of

27   entry of judgment, whichever occurs first, according to proof at trial or at the time

28   of entry of judgment;

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17730332.3

COMPLAINT

G.    As to defendant Minh Nguyen, the sum of $125,551.03 representing the Nguyen Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

H.    As to defendant Hsien-Hsiang Tsai also known as Matthew Tsai, the sum of $582,815.50 representing the Tsai Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

I.    As to defendants Gerald Upshaw and Julianne Upshaw, jointly and severally, the sum of $231,516.66 representing the Upshaw Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment.

## FOURTH CLAIM FOR RELIEF
### (Turnover of Receivership Property)

44.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33, inclusive, and incorporates the same herein by this reference as though set forth in full.

45.    The amounts comprising the Transfers received by defendants, and each of them constitute transfers from the Receivership Entities of ill-gotten gains and the proceeds of illegal and fraudulent investments solicited by the Receivership Entities.

46.    The amounts comprising the Transfers received by defendants, and each of them, as alleged in paragraph 31 constitute property of the receivership estate which defendants are required to turn over to the Receiver.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

47.     There is now due and owing from defendants, and each of them, sums not less than the following:

A.     As to defendants David Fan and Carolyn Fan, jointly and severally, the sum of $315,507.69 representing the Fan Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

B.     As to defendants Te Ming Chu also known as Simon Chu and Harvest Tree Inc., jointly and severally, the sum of $471,654.09 representing the Chu Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

C.     Additionally, or alternatively, if defendant Harvest Tree Inc. is not an alter ego of defendant Chu, then the sum of $24,954.50 representing the Chu Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

D.     Additionally, or alternatively, if defendant Harvest Tree Inc. is not an alter ego of defendant Chu, then the sum of $446,699.59 representing the Harvest Tree Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

E.     As to defendant Rose L. Kelly, the sum of $152,890.41 representing the Kelly Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17730332.3

1 | full or date of entry of judgment, whichever occurs first, according to proof at trial

2 | or at the time of entry of judgment;

3 |      F.     As to defendant Yuan-Hai Li, the sum of $197,607.82 representing the

4 | Li Transfers, plus interest thereon at the legal rate from the date of each payment or

5 | transfer until such payments or transfers are repaid to the Receiver in full or date of

6 | entry of judgment, whichever occurs first, according to proof at trial or at the time

7 | of entry of judgment;

8 |      G.     As to defendant Minh Nguyen, the sum of $125,551.03 representing

9 | the Nguyen Transfers, plus interest thereon at the legal rate from the date of each

10 | payment or transfer until such payments or transfers are repaid to the Receiver in

11 | full or date of entry of judgment, whichever occurs first, according to proof at trial

12 | or at the time of entry of judgment;

13 |      H.     As to defendant Hsien-Hsiang Tsai also known as Matthew Tsai, the

14 | sum of $582,815.50 representing the Tsai Transfers, plus interest thereon at the

15 | legal rate from the date of each payment or transfer until such payments or transfers

16 | are repaid to the Receiver in full or date of entry of judgment, whichever occurs

17 | first, according to proof at trial or at the time of entry of judgment;

18 |      I.     As to defendants Gerald Upshaw and Julianne Upshaw, jointly and

19 | severally, the sum of $231,516.66 representing the Upshaw Transfers, plus interest

20 | thereon at the legal rate from the date of each payment or transfer until such

21 | payments or transfers are repaid to the Receiver in full or date of entry of judgment,

22 | whichever occurs first, according to proof at trial or at the time of entry of

23 | judgment.

24 |      48.     Defendants, and each of them, wrongfully refuse to turn over said

25 | sums to the receivership estate and the Plaintiff despite wrongfully obtaining said

26 | funds and despite Plaintiff's demand therefor.

27 |

28 |

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

COMPLAINT

LA:17730332.3

## **FIFTH CLAIM FOR RELIEF**

### **(Unjust Enrichment/Constructive Trust)**

49.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 33, inclusive, and by reference thereto incorporates the same herein as though more fully set forth at length.

50.     Plaintiff is informed and believes and thereon alleges that prior to the commencement of the receivership, the defendants, and each of them, received the Transfers from the Receivership Entities the source of which payment amounts were funds paid by other investors, including the Losing Investors.

51.     Plaintiff is entitled to the imposition of a constructive trust by which each of the following defendants holds, as a constructive trustee, the following sums constituting ill-gotten gains and the proceeds of illegal and fraudulent investments solicited by the Receivership Entities and paid by Receivership Entities to such defendants, and each of them, which rightfully belong to the receivership estate for the benefit of the claimants against the receivership estate, including the Losing Investors and the retention of which would leave defendants, and each of them, unjustly enriched:

A.     As to defendants David Fan and Carolyn Fan, jointly and severally, the sum of $315,507.69 representing the Fan Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

B.     As to defendants Te Ming Chu also known as Simon Chu and Harvest Tree Inc., jointly and severally, the sum of $471,654.09 representing the Chu Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

LA:17730332.3

1    C.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

2    alter ego of defendant Chu, then the sum of $24,954.50 representing the Chu

3    Transfers, plus interest thereon at the legal rate from the date of each payment or

4    transfer until such payments or transfers are repaid to the Receiver in full or date of

5    entry of judgment, whichever occurs first, according to proof at trial or at the time

6    of entry of judgment;

7    D.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

8    alter ego of defendant Chu, then the sum of $446,699.59 representing the Harvest

9    Tree Transfers, plus interest thereon at the legal rate from the date of each payment

10   or transfer until such payments or transfers are repaid to the Receiver in full or date

11   of entry of judgment, whichever occurs first, according to proof at trial or at the

12   time of entry of judgment;

13   E.    As to defendant Rose L. Kelly, the sum of $152,890.41 representing

14   the Kelly Transfers, plus interest thereon at the legal rate from the date of each

15   payment or transfer until such payments or transfers are repaid to the Receiver in

16   full or date of entry of judgment, whichever occurs first, according to proof at trial

17   or at the time of entry of judgment;

18   F.    As to defendant Yuan-Hai Li, the sum of $197,607.82 representing the

19   Li Transfers, plus interest thereon at the legal rate from the date of each payment or

20   transfer until such payments or transfers are repaid to the Receiver in full or date of

21   entry of judgment, whichever occurs first, according to proof at trial or at the time

22   of entry of judgment;

23   G.    As to defendant Minh Nguyen, the sum of $125,551.03 representing

24   the Nguyen Transfers, plus interest thereon at the legal rate from the date of each

25   payment or transfer until such payments or transfers are repaid to the Receiver in

26   full or date of entry of judgment, whichever occurs first, according to proof at trial

27   or at the time of entry of judgment;

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 21 -

COMPLAINT

LA:17730332.3

H.     As to defendant Hsien-Hsiang Tsai also known as Matthew Tsai, the sum of $582,815.50 representing the Tsai Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

I.     As to defendants Gerald Upshaw and Julianne Upshaw, jointly and severally, the sum of $231,516.66 representing the Upshaw Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment.

52.     Defendants, and each of them, wrongfully refuse to turn over said sums to the receivership estate and the Plaintiff despite wrongfully obtaining said funds and despite Plaintiff's demand therefor.

WHEREFORE, Plaintiff prays for entry of judgment against defendants, and each of them, as follows:

AS TO THE FIRST, SECOND, THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS:

A.     As to defendants David Fan and Carolyn Fan, jointly and severally, the sum of $315,507.69 representing the Fan Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of entry of judgment, whichever occurs first, according to proof at trial or at the time of entry of judgment;

B.     As to defendants Te Ming Chu also known as Simon Chu and Harvest Tree Inc., jointly and severally, the sum of $471,654.09 representing the Chu Transfers, plus interest thereon at the legal rate from the date of each payment or transfer until such payments or transfers are repaid to the Receiver in full or date of

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

COMPLAINT

LA:17730332.3

1    entry of judgment, whichever occurs first, according to proof at trial or at the time

2    of entry of judgment;

3         C.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

4    alter ego of defendant Chu, then the sum of $24,954.50 representing the Chu

5    Transfers, plus interest thereon at the legal rate from the date of each payment or

6    transfer until such payments or transfers are repaid to the Receiver in full or date of

7    entry of judgment, whichever occurs first, according to proof at trial or at the time

8    of entry of judgment;

9         D.    Additionally, or alternatively, if defendant Harvest Tree Inc. is not an

10   alter ego of defendant Chu, then the sum of $446,699.59 representing the Harvest

11   Tree Transfers, plus interest thereon at the legal rate from the date of each payment

12   or transfer until such payments or transfers are repaid to the Receiver in full or date

13   of entry of judgment, whichever occurs first, according to proof at trial or at the

14   time of entry of judgment;

15        E.    As to defendant Rose L. Kelly, the sum of $152,890.41 representing

16   the Kelly Transfers, plus interest thereon at the legal rate from the date of each

17   payment or transfer until such payments or transfers are repaid to the Receiver in

18   full or date of entry of judgment, whichever occurs first, according to proof at trial

19   or at the time of entry of judgment;

20        F.    As to defendant Yuan-Hai Li, the sum of $197,607.82 representing the

21   Li Transfers, plus interest thereon at the legal rate from the date of each payment or

22   transfer until such payments or transfers are repaid to the Receiver in full or date of

23   entry of judgment, whichever occurs first, according to proof at trial or at the time

24   of entry of judgment;

25        G.    As to defendant Minh Nguyen, the sum of $125,551.03 representing

26   the Nguyen Transfers, plus interest thereon at the legal rate from the date of each

27   payment or transfer until such payments or transfers are repaid to the Receiver in

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17730332.3

COMPLAINT

1  full or date of entry of judgment, whichever occurs first, according to proof at trial

2  or at the time of entry of judgment;

3       H.     As to defendant Hsien-Hsiang Tsai also known as Matthew Tsai, the

4  sum of $582,815.50 representing the Tsai Transfers, plus interest thereon at the

5  legal rate from the date of each payment or transfer until such payments or transfers

6  are repaid to the Receiver in full or date of entry of judgment, whichever occurs

7  first, according to proof at trial or at the time of entry of judgment;

8       I.     As to defendants Gerald Upshaw and Julianne Upshaw, jointly and

9  severally, the sum of $231,516.66 representing the Upshaw Transfers, plus interest

10 thereon at the legal rate from the date of each payment or transfer until such

11 payments or transfers are repaid to the Receiver in full or date of entry of judgment,

12 whichever occurs first, according to proof at trial or at the time of entry of

13 judgment.

14      / / /

15      / / /

16      / / /

17      / / /

18      / / /

19      / / /

20      / / /

21      / / /

22      / / /

23      / / /

24      / / /

25      / / /

26      / / /

27      / / /

28      / / /

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

COMPLAINT

LA:17730332.3

1    AS TO ALL CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS:

2        1.    For costs of suit herein incurred; and

3        2.    For such other and further relief as this Court may deem just and

4    proper.

5

6

7    Dated:    March 15, 2010              McKENNA LONG & ALDRIDGE LLP
                                           GARY OWEN CARIS
8                                          LESLEY ANNE HAWES
                                           ANGELA E. FONES
9

10                                         By: _____
11                                             Gary Owen Caris

12                                         Attorneys for Plaintiff
                                           ROBB EVANS & ASSOCIATES
13                                         LLC as Receiver for AOB
                                           COMMERCE, INC., AOB ASIA
14                                         FUND I, LLC, AOB
                                           MANAGEMENT, INC., AOB
15                                         MEDIA, INC., AOB
                                           TRANSPORTATION, INC., AOB
16                                         VACATIONS, INC., and Their
                                           Subsidiaries and Affiliates.
17

18

19

20

21

22

23

24

25

26

27

28

LA:17730332.3

# Exhibit 1

1 | BRIANE NELSON MITCHELL, Cal. Bar No. 116037
Email: mitchellbn@sec.gov
2 | KELLY C. BOWERS, Cal. Bar. No. 164007
Email: bowersk@sec.gov
3 | JOHN B. BULGOZDY, Cal. Bar. No. 219897
Email: bulgozdyj@sec.gov
4 | SPENCER E. BENDELL, Cal. Bar No. 181220
Email: bendells@sec.gov
5 | PETER F. DEL GRECO, Cal. Bar. No. 164925
Email: delgrecop@sec.gov
6 |
Attorneys for Plaintiff
7 | Securities and Exchange Commission
Rosalind Tyson, Acting Regional Director
8 | Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
9 | Los Angeles, California 90036
Telephone: (323) 965-3998
10 | Facsimile: (323) 965-3908

```
FILED
CLERK, US DISTRICT COURT

JUL 1 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY
```

```
Priority      X
Send          X
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only
```

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13 | |
| 14 | SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 07-04507 CAS (JCx) |
| 15 | Plaintiff, | [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDERS (1) FREEZING ASSETS; (2) APPOINTING A TEMPORARY RECEIVER; (3) REQUIRING ACCOUNTINGS; (4) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (5) GRANTING EXPEDITED DISCOVERY; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER |
| 16 | vs. | |
| 17 | AOB COMMERCE, INC.; AOB ASIA FUND I, LLC; and TERCHI LIAO a/k/a NELSON LIAO, | |
| 18 | | |
| 19 | Defendants, | |
| 20 | and | |
| 21 | AOB MANAGEMENT, INC.; AOB MEDIA, INC.; AOB TRANSPORTATION, INC.; and AOB VACATIONS, INC., | |
| 22 | | |
| 23 | Relief Defendants. | |

```
DOCKETED ON CM

JUL 1 7 2007

BY  [signature]      01
```

This matter came to be heard upon Plaintiff Securities and Exchange

Commission's ("Commission") *Ex Parte* Application For A Temporary

Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary

Receiver (3) Requiring Accountings; (4) Prohibiting The Destruction Of

27

⑧

1    Documents, (5) Granting Expedited Discovery; And Order To Show Cause Re

2    Preliminary Injunction and Appointment of A Permanent Receiver (the

3    "Application").

4          The Court, having considered the Commission's Complaint, the Application,

5    the supporting Memorandum of Points and Authorities, Declarations and Exhibits,

6    and all other evidence and argument presented regarding the Application, finds that:

7          A.   This Court has jurisdiction over the parties to, and the subject matter of,

8    this action.

9          B.   Good cause exists to believe that defendants AOB Commerce, Inc.

10   ("AOB Commerce"), AOB Asia Fund I, LLC ("AOB Asia Fund", and Terchi Liao,

11   a.k.a. Nelson Liao, ("Liao"), and each of them have engaged in, are engaging in,

12   and are about to engage in transactions, acts, practices and courses of business

13   which constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933

14   ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c).

15         C.   Good cause exists to believe that defendants AOB Commerce, AOB

16   Asia Fund , and Liao, and each of them have engaged in, are engaging in, and are

17   about to engage in transactions, acts, practices and courses of business which

18   constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and

19   Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C.

20   § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

21         D.   The Commission has demonstrated a probability of success on the

22   merits in this case; and the possibility of dissipation of assets.

23         E.   Good cause exists to believe that the defendants will continue to engage

24   in such violations to the immediate and irreparable loss and damage to investors

25   and to the general public unless they are restrained and enjoined.

26         F.   It is appropriate and the interests of justice require that the

27   Commission's Application be granted without notice to defendants as the

28   Commission has certified in writing pursuant to Local Rule 7-19.2 the reasons

1   supporting its claim that notice should not be required, and it appears from specific

2   facts shown by the declarations and other supporting evidence filed by the

3   Commission that immediate and irreparable injury, loss, or damage will result if

4   notice to the defendants is given.

### I.

6       IT IS HEREBY ORDERED that the Commission's *Ex Parte* Application

7   For A Temporary Restraining Order and Orders: (1) Freezing Assets; (2)

8   Appointing a Temporary Receiver (3) Requiring Accountings; (4) Prohibiting The

9   Destruction Of Documents, (5) Granting Expedited Discovery; And Order To

10  Show Cause Re Preliminary Injunction is hereby GRANTED.

### II.

12      IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

13  Fund, and Liao, and their officers, agents, servants, employees, attorneys,

14  subsidiaries and affiliates, and those persons in active concert or participation with

15  any of them, who receive actual notice of this Order, by personal service or

16  otherwise, and each of them, be and hereby are temporarily restrained and enjoined

17  from, directly or indirectly, making use of any means or instruments of

18  transportation or communication in interstate commerce or of the mails, to sell, to

19  offer to sell, or to offer to buy any security, or carrying or causing securities to be

20  carried through the mails or in interstate commerce, by any means or instruments

21  of transportation, for the purpose of sale or delivery after sale, in violation of

22  Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) and 77(e)(c).

### III.

24      IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

25  Fund, and Liao, and their officers, agents, servants, employees, attorneys,

26  subsidiaries and affiliates, and those persons in active concert or participation with

27  any of them, who receive actual notice of this Order, by personal service or

28  otherwise, and each of them, be and hereby are temporarily restrained and enjoined

1   from, directly or indirectly, in the offer or sale of any securities, by the use of any

2   means or instruments of transportation or communication in interstate commerce

3   or by use of the mails:

4         A.      employing any device, scheme or artifice to defraud;

5         B.      obtaining money or property by means of any untrue statement of a

6               material fact or any omission to state a material fact necessary in order

7               to make the statements made, in light of the circumstances under

8               which they were made, not misleading; or

9         C.      engaging in any transaction, practice, or course of business which

10              operates or would operate as a fraud or deceit upon the purchaser

11  in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

12  **IV.**

13        IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

14  Fund, and Liao, and their officers, agents, servants, employees, attorneys,

15  subsidiaries and affiliates, and those persons in active concert or participation with

16  any of them who receive actual notice of this Order, by personal service or

17  otherwise, and each of them, be and hereby are temporarily restrained and enjoined

18  from, directly or indirectly, in connection with the purchase or sale of any security,

19  by the use of any means or instrumentality of interstate commerce, or of the mails,

20  or of any facility of any national securities exchange:

21        A.      employing any device, scheme, or artifice to defraud;

22        B.      making any untrue statement of a material fact or omitting to state a

23              material fact necessary in order to make the statements made, in the

24              light of the circumstances under which they were made, not

25              misleading; or

26        C.      engaging in any act, practice, or course of business which operates or

27              would operate as a fraud or deceit upon any person

28  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

1    10b-5 thereunder, 17 C.F.R. § 240.10b-5.

2                        **V.**

3        IT IS FURTHER ORDERED that, except as otherwise ordered by this

4    Court, defendants AOB Commerce, AOB Asia Fund, Liao, and relief defendants

5    AOB Management, Inc.; AOB Media, Inc.; AOB Transportation, Inc.; and AOB

6    Vacations, Inc. (collectively, the "Relief Defendants"), and their officers, agents,

7    servants, employees, attorneys, subsidiaries and affiliates, and those persons in

8    active concert or participation with any of them, who receive actual notice of this

9    Order, by personal service or otherwise, and each of them, be and hereby are

10    temporarily restrained and enjoined from, directly or indirectly, transferring,

11    assigning, selling, hypothecating, changing, wasting, dissipating, converting,

12    concealing, encumbering, or otherwise disposing of, in any manner, any funds,

13    assets, securities, claims, or other real or personal property, including any notes or

14    deeds of trust or other interests in real property, wherever located, of defendants

15    AOB Commerce, AOB Asia Fund, Liao, and the Relief Defendants, and their

16    subsidiaries and affiliates, whether owned by, controlled by, managed by or in the

17    possession or custody of any of them and from transferring, encumbering,

18    dissipating, incurring charges or cash advances on any debit or credit card or the

19    credit arrangement, of defendants AOB Commerce, AOB Asia Fund, Liao, and the

20    Relief Defendants, and their subsidiaries and affiliates.

21                       **VI.**

22        IT IS FURTHER ORDERED that, except as otherwise ordered by this

23    Court, an immediate freeze shall be placed on all monies and assets (with an

24    allowance for necessary and reasonable living expenses to be granted only upon

25    good cause shown by application to the Court with notice to and an opportunity for

26    the Commission to be heard) in all accounts at any bank, financial institution or

27    brokerage firm, all certificates of deposit, and other funds or assets, held in the

28    name of, for the benefit of, or over which account authority is held by defendants

1  AOB Commerce, AOB Asia Fund, Liao, and the Relief Defendants, or any trust,

2  partnership, joint venture, person or entity affiliated with them (including

3  subsidiaries), including but not limited to the following accounts:

| Financial Institution | Account Name | Account Number |
|---|---|---|
| Bank of America | AOB Commerce, Inc. | 00883-66178 |
| Chinatrust Bank | AOB Commerce, Inc. | 26911-35385 |
| Chinatrust Bank | AOB Commerce, Inc. | 26004151 |
| Chinatrust Bank | AOB Commerce, Inc. | 26300699 |
| Chinatrust Bank | AOB Commerce, Inc. | 26600293 |
| Continental Bank of America | AOB Commerce, Inc. | 1120-1638 |
| Continental Bank of America | AOB Commerce, Inc. | 1160-1458 |
| East West Bank | AOB Asia Fund I, LLC | 83702258 |
| East West Bank | AOB Asia Fund I, LLC | 83702688 |
| East West Bank | AOB Commerce, Inc. | 05805239 |
| East West Bank | AOB Commerce, Inc. | 05806658 |
| East West Bank | AOB Commerce, Inc. | 14033799 |
| East West Bank | AOB Commerce, Inc. | 83702829 |
| East West Bank | AOB Commerce, Inc. | 83702886 |
| East West Bank | AOB Commerce, Inc. | 88366178 |
| East West Bank | AOB Commerce, Inc. dba Garfield Venture | 05806039 |
| East West Bank | AOB Commerce, Inc. dba Gabriel Maros Meza | 05806989 |
| East West Bank | AOB Management, Inc. | 15215510 |
| East West Bank | AOB Management, Inc. | 83701938 |
| East West Bank | AOB Management, Inc. | 83702738 |
| East West Bank | AOB Media, Inc. | 83700898 |
| East West Bank | AOB Transportation, Inc. | 83701383 |
| East West Bank | AOB Vacations, Inc. | 83701888 |
| East West Bank | Terchi Liao | 05806559 |
| East West Bank | Terchi Liao | 13954888 |
| EverTrust Bank | AOB Commerce, Inc. | 1505939 |
| EverTrust Bank | AOB Commerce, Inc. | 2511673 |
| EverTrust Bank | AOB Commerce, Inc. | 2512309 |

## VII.

IT IS FURTHER ORDERED that Robb Evans & Associates, LLC is

6

1   appointed as temporary receiver of AOB Commerce, AOB Asia Fund, and the Relief

2   Defendants, and their subsidiaries and affiliates, with full powers of an equity receiver,

3   including, but not limited to, full power over all funds, assets, collateral, premises

4   (whether owned, leased, occupied, or otherwise controlled), choses in action, books,

5   records, papers and other property belonging to, being managed by or in the possession

6   of or control of any of the entities in receivership and that such receiver is immediately

7   authorized, empowered and directed:

8       A.    to have access to and to collect and take custody, control, possession,

9           and charge of all funds, assets, collateral, premises (whether owned,

10          leased, occupied, or otherwise controlled), choses in action, books,

11          records, papers and other real or personal property, wherever located,

12          of or managed by any of the entities in receivership with full power to

13          sue, foreclose, marshal, collect, receive, and take into possession all

14          such property;

15      B.    to have control of, and to be added as the sole authorized signatory

16          for, all accounts of the entities in receivership, and all accounts over

17          which any of their employees or agents have signatory authority, at

18          any bank, title company, escrow agent, financial institution or

19          brokerage firm which has possession, custody or control of any assets

20          or funds of any of the entities in receivership or which maintains any

21          accounts over which any of the entities in receivership and/or any of

22          their officers, employees or agents have signatory authority;

23      C.    to conduct such investigation and discovery as may be necessary to

24          locate, account for and recover all of the assets of or managed by (and

25          to account for and pursue recovery of the losses of) any of the entities

26          in receivership and to engage and employ attorneys, accountants and

27          other persons to assist in such investigation and discovery;

28      D.    to take such action as is necessary and appropriate to preserve and

1    take control of and to prevent the dissipation, concealment, or

2    disposition of any assets of or managed by any of the entities in

3    receivership;

4    E.    to make an accounting, as soon as practicable, to this Court and the

5          Commission of the assets and financial condition of the entities in

6          receivership and the assets under their management, and to file the

7          accounting with the Court and deliver copies thereof to all parties;

8    F.    to make such payments and disbursements from the funds and assets

9          taken into custody, control and possession or thereafter received by

10         him or her, and to incur, or authorize the making of, such agreements

11         as may be necessary and advisable in discharging his or her duties as

12         temporary receiver;

13   G.    to employ attorneys, accountants and others to investigate and, where

14         appropriate, to institute, pursue, and prosecute all claims and causes of

15         action of whatever kind and nature which may now or hereafter exist

16         as a result of the activities of the entities in receivership; and

17   H.    to have access to, monitor, and redirect all mail (including email and

18         facsimile) of the entities in receivership in order to review such mail

19         which he or she deems relates to their business and the discharging of

20         his or her duties as temporary receiver.

21                                    **VIII.**

22        IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

23   Fund, Liao, and the Relief Defendants, and their subsidiaries and affiliates, and

24   their officers, agents, servants, employees and attorneys, and any other persons

25   who are in custody, possession or control of any assets, collateral, books, records,

26   papers, or other property of or managed by AOB Commerce, AOB Asia Fund,

27   Liao, and the Relief Defendants, or their subsidiaries or affiliates, shall forthwith

28   give access to and control of such property to the temporary receiver.

## IX.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of AOB Commerce, AOB Asia Fund, Liao, and the Relief Defendants, or their subsidiaries or affiliates shall take any action or purport to take any action, in the name of or on behalf of AOB Commerce, AOB Asia Fund, Liao, and the Relief Defendants, or any of their subsidiaries or affiliates, without the written consent of the temporary receiver or order of this Court.

## X.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from AOB Commerce, AOB Asia Fund, and the Relief Defendants, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to any of these entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of any of the entities, wherever situated; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed

1   hereunder of the property and assets owned, controlled or managed by

2   or in the possession of any of the entities, or in any way to interfere

3   with or harass the temporary receiver or his or her attorneys,

4   accountants, employees or agents or to interfere in any manner with

5   the discharge of the temporary receiver's duties and responsibilities

6   hereunder.

7                                   **XI.**

8        IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

9   Fund, Liao, and the Relief Defendants, and their subsidiaries, affiliates, officers,

10  agents, servants, employees and attorneys, shall cooperate with and assist the

11  temporary receiver and shall take no action, directly or indirectly, to hinder,

12  obstruct, or otherwise interfere with the temporary receiver or his or her attorneys,

13  accountants, employees or agents, in the conduct of the temporary receiver's duties

14  or to interfere in any manner, directly or indirectly, with the custody, possession,

15  management, or control by the temporary receiver of the funds, assets, collateral,

16  premises, and choses in action described above.

17                                  **XII.**

18       IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

19  Fund, and Liao shall pay the costs, fees and expenses of the temporary receiver

20  incurred in connection with the performance of his or her duties described in this

21  Order, including the costs and expenses of those persons who may be engaged or

22  employed by the temporary receiver to assist him or her in carrying out his or her

23  duties and obligations.  All applications for costs, fees and expenses for services

24  rendered in connection with the receivership other than routine and necessary

25  business expenses in conducting the receivership, such as salaries, rent and any and

26  all other reasonable operating expenses, shall be made by application setting forth

27  in reasonable detail the nature of the services and shall be heard by the Court.

28  ///

### XIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver. Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of his or her duties and responsibilities.

### XIV.

IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia Fund, and Liao, each shall, within five days, of the date of issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all such assets. Such accountings shall be filed with the Court and copies shall be delivered to the Commission's Los Angeles Regional Office, located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. After completion of the accountings, AOB Commerce, AOB Asia Fund, and Liao, shall each produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying the accountings.

### XV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants AOB Commerce, AOB Asia Fund, and Liao, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and

1   hereby are temporarily restrained and enjoined from, directly or indirectly,

2   destroying, mutilating, concealing, transferring, altering, or otherwise disposing of,

3   in any manner, any documents, which includes all books, records, computer

4   programs, computer files, computer printouts, contracts, correspondence,

5   memoranda, brochures, or any other documents of any kind in their possession,

6   custody or control, however created, produced, or stored (manually, mechanically,

7   electronically, or otherwise), pertaining in any manner to defendants AOB

8   Commerce, AOB Asia Fund, Liao, and the Relief Defendants.

9   **XVI.**

10   IT IS FURTHER ORDERED that the Commission's application for

11   expedited discovery be and hereby is granted and that the Commission and the

12   temporary receiver may request documents from and take depositions of parties

13   and non-parties upon oral examination subject to two calendar days notice pursuant

14   to Rules 30(a), 34, and 45 of the Federal Rules of Civil Procedure, that the

15   Commission and temporary receiver may take more than one deposition at the

16   same time, that depositions of the defendants may be taken on any day, including

17   Saturdays, Sundays, and holidays subject to two calendar days notice, including

18   notice given personally, by facsimile or by electronic mail, and that the depositions

19   taken pursuant to this Order shall not be counted for purposes of determining the

20   applicability of the limitations of Rules 30(a)(2)(A) and 30(a)(2)(B) of the Federal

21   Rules of Civil Procedure.

22   **XVII.**

23   IT IS FURTHER ORDERED that this Temporary Restraining Order shall

24   expire at 10 o'clock a .m. on August 6, 2007, unless, for good cause shown, it is

25   extended or unless the parties against whom it is directed consent that it may be

26   extended for a longer period.

27   **XVIII.**

28   IT IS FURTHER ORDERED that at 10 o'clock a .m. on August 6, 2007, or

12

1   as soon thereafter as the parties can be heard, the Defendants, and each of them,

2   shall appear before the Honorable ____CHRISTINA A. SNYDER____, Judge of the United

3   States District Court for the Central District of California, to show cause, if there

4   be any, why a preliminary injunction should not be granted and a permanent

5   receiver not appointed in accordance with the prayer for relief contained in the

6   Complaint filed by the Commission. Any declarations, affidavits, points and

7   authorities, or other submissions in support of, or in opposition to, the issuance of

8   such an Order shall be filed with the Court and delivered to the Commission's Los

9   Angeles Regional Office and the offices of the Defendants and/or their attorneys

10  no later than _5_ o'clock p.m. on ___July 23_____, 2007. Any reply

11  papers shall be filed with the Court and delivered to opposing counsel no later than

12  _5_ o'clock p.m. on ___July  30_____, 2007. Service of all such papers

13  shall be made by facsimile or personal service.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

## XIX.

1

2       IT IS FURTHER ORDERED that this Court shall retain jurisdiction over

3   this action for the purpose of implementing and carrying out the terms of all orders

4   and decrees which may be entered herein and to entertain any suitable application

5   or motion for additional relief within the jurisdiction of this Court.

   *Plaintiff shall serve this order on defendants forthwith, but no later*

6   *than the close of business on July 16, 2007. Proofs of service shall be*

7       IT IS SO ORDERED.   *filed thereafter.*

8

9   DATED: July 12, 2007

10

11  TIME: 3:50 o'clock p.m.

12                                    *Christina A. Snyder*

13                          UNITED STATES DISTRICT JUDGE

14

15  Presented by:

    *Peter Del Greco*

16  Briane Nelson Mitchell

17  Kelly C. Bowers
    John B. Bulgozdy

18  Spencer E. Bendell
    Peter F. Del Greco

19  Attorneys for Plaintiff
    Securities and Exchange Commission

20

21

22

23

24

25

26

27

28

# Exhibit 2

JOHN B. BULGOZDY, Cal. Bar. No. 219897
Email: bulgozdyj@sec.gov
PETER F. DEL GRECO, Cal. Bar No. 164925
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Acting Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:(323) 965-3998
Facsimile: (323) 965-3908

FILED
CLERK, U S DISTRICT COURT
AUG 13 2007
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

ENTERED
CLERK, U S DISTRICT COURT
AUG 14 2007
CENTRAL DISTRICT OF CALIFORNIA
BY

LODGED
CLERK, U S DISTRICT COURT
AUG -6 2007
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority    X
Send        X
Enter       X
Closed      ___
JS-5/JS-6   ___
JS-2/JS-3   ___
Scan Only   ___

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>AOB COMMERCE, INC.; AOB ASIA FUND I, LLC; and TERCHI LIAO a/k/a NELSON LIAO,<br><br>    Defendants,<br><br>and<br><br>AOB MANAGEMENT, INC.; AOB MEDIA, INC.; AOB TRANSPORTATION, INC.; and AOB VACATIONS, INC.,<br><br>    Relief Defendants. | Case No. CV 07-4507 CAS (JCx)<br><br>[PROPOSED] PRELIMINARY INJUNCTION ORDER AND ORDERS (1) APPOINTING PERMANENT RECEIVER AND (2) DENYING DEFENDANT LIAO'S REQUEST FOR RELEASE OF FUNDS |

DOCKETED ON CM
AUG 14 2007
BY        010

    This matter came to be heard on August 13, 2007, upon the Court's Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver ("OSC") issued on July 12, 2007 and Order re Briefing Schedule and Hearing Date for OSC on Preliminary Injunction issued on July 23, 2007. The OSC is included in the Temporary Restraining Order and Orders (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; (4) Prohibiting the

1  Destruction of Documents; (5) Granting Expedited Discovery; and Order to Show

2  Cause re Preliminary Injunction and Appointment of a Permanent Receiver

3  ("TRO") issued upon ex parte application ("Application") of Plaintiff Securities

4  and Exchange Commission ("Commission") on July 12, 2007.

5      The Court, having considered the Commission's Complaint, the Application,

6  the Memorandum of Points and Authorities, the declarations and other documents

7  filed in support of the Application, all other evidence presented regarding the

8  Application, and all additional evidence and argument presented relating to the

9  OSC, including the Opposition to Preliminary Injunction Order to Freeze Assets of

10  Nelson Liao ("Opposition") and the Reply of the Securities and Exchange

11  Commission in Support of Preliminary Injunction and Freeze of Assets of Nelson

12  Liao ("Reply"), finds that:

13      A.   This Court has jurisdiction over the parties to, and the subject matter of,

14  this action.

15      B.   Good cause exists to believe that defendants AOB Commerce, Inc.

16  ("AOB Commerce"), AOB Asia Fund I, LLC ("AOB Asia Fund", and Terchi Liao,

17  a.k.a. Nelson Liao, ("Liao"), and each of them have engaged in, are engaging in,

18  and are about to engage in transactions, acts, practices and courses of business

19  which constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933

20  ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c).

21      C.   Good cause exists to believe that defendants AOB Commerce, AOB

22  Asia Fund , and Liao, and each of them have engaged in, are engaging in, and are

23  about to engage in transactions, acts, practices and courses of business which

24  constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and

25  Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C.

26  § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

27      D.   The Commission has demonstrated a probability of success on the

28  merits in this action; and the possibility of dissipation of assets.

2

43

1    E.    Good cause exists to believe that the defendants will continue to engage

2  in such violations to the immediate and irreparable loss and damage to investors

3  and to the general public unless they are restrained and enjoined.

4                                           **I.**

5         IT IS HEREBY ORDERED that the Commission's request for a preliminary

6  injunction and orders (1) freezing assets, (2) requiring accountings, and (3)

7  prohibiting the destruction of documents is hereby GRANTED.

8                                          **II.**

9         IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

10  Fund, and Liao, and their officers, agents, servants, employees, attorneys,

11  subsidiaries and affiliates, and those persons in active concert or participation with

12  any of them, who receive actual notice of this Order, by personal service or

13  otherwise, and each of them, be and hereby are preliminarily restrained and

14  enjoined from, directly or indirectly, making use of any means or instruments of

15  transportation or communication in interstate commerce or of the mails, to sell, to

16  offer to sell, or to offer to buy any security, or carrying or causing securities to be

17  carried through the mails or in interstate commerce, by any means or instruments

18  of transportation, for the purpose of sale or delivery after sale, in violation of

19  Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) and 77(e)(c).

20                                         **III.**

21         IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

22  Fund, and Liao, and their officers, agents, servants, employees, attorneys,

23  subsidiaries and affiliates, and those persons in active concert or participation with

24  any of them, who receive actual notice of this Order, by personal service or

25  otherwise, and each of them, be and hereby are preliminarily restrained and

26  enjoined from, directly or indirectly, in the offer or sale of any securities, by the

27  use of any means or instruments of transportation or communication in interstate

28  commerce or by use of the mails:

                                            3

1     A.    employing any device, scheme or artifice to defraud;

2     B.    obtaining money or property by means of any untrue statement of a

3             material fact or any omission to state a material fact necessary in order

4             to make the statements made, in light of the circumstances under

5             which they were made, not misleading; or

6     C.    engaging in any transaction, practice, or course of business which

7             operates or would operate as a fraud or deceit upon the purchaser

8  in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

9                     **IV.**

10      IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

11  Fund, and Liao, and their officers, agents, servants, employees, attorneys,

12  subsidiaries and affiliates, and those persons in active concert or participation with

13  any of them who receive actual notice of this Order, by personal service or

14  otherwise, and each of them, be and hereby are preliminarily restrained and

15  enjoined from, directly or indirectly, in connection with the purchase or sale of any

16  security, by the use of any means or instrumentality of interstate commerce, or of

17  the mails, or of any facility of any national securities exchange:

18     A.    employing any device, scheme, or artifice to defraud;

19     B.    making any untrue statement of a material fact or omitting to state a

20             material fact necessary in order to make the statements made, in the

21             light of the circumstances under which they were made, not

22             misleading; or

23     C.    engaging in any act, practice, or course of business which operates or

24             would operate as a fraud or deceit upon any person

25  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

26  10b-5 thereunder, 17 C.F.R. § 240.10b-5.

27                     **V.**

28      IT IS FURTHER ORDERED that, except as otherwise ordered by this

1  Court, defendants AOB Commerce, AOB Asia Fund, Liao, and relief defendants

2  AOB Management, Inc.; AOB Media, Inc.; AOB Transportation, Inc.; and AOB

3  Vacations, Inc. (collectively, the "Relief Defendants"), and their officers, agents,

4  servants, employees, attorneys, subsidiaries and affiliates, and those persons in

5  active concert or participation with any of them, who receive actual notice of this

6  Order, by personal service or otherwise, and each of them, be and hereby are

7  preliminarily restrained and enjoined from, directly or indirectly, transferring,

8  assigning, selling, hypothecating, changing, wasting, dissipating, converting,

9  concealing, encumbering, or otherwise disposing of, in any manner, any funds,

10  assets, securities, claims, or other real or personal property, including any notes or

11  deeds of trust or other interests in real property, wherever located, of defendants

12  AOB Commerce, AOB Asia Fund, Liao, and the Relief Defendants, and their

13  subsidiaries and affiliates, whether owned by, controlled by, managed by or in the

14  possession or custody of any of them and from transferring, encumbering,

15  dissipating, incurring charges or cash advances on any debit or credit card or the

16  credit arrangement, of defendants AOB Commerce, AOB Asia Fund, Liao, and the

17  Relief Defendants, and their subsidiaries and affiliates.

18                                      **VI.**

19        IT IS FURTHER ORDERED that, except as otherwise ordered by this

20  Court, an immediate freeze shall be placed on all monies and assets (with an

21  allowance for necessary and reasonable living expenses to be granted only upon

22  good cause shown by application to the Court with notice to and an opportunity for

23  the Commission to be heard) in all accounts at any bank, financial institution or

24  brokerage firm, all certificates of deposit, and other funds or assets, held in the

25  name of, for the benefit of, or over which account authority is held by defendants

26  AOB Commerce, AOB Asia Fund, Liao, and the Relief Defendants, or any trust,

27  partnership, joint venture, person or entity affiliated with them (including

28  subsidiaries), including but not limited to the following accounts:

| Financial Institution | Account Name | Account Number |
|---|---|---|
| Bank of America | AOB Commerce, Inc. | 00883-66178 |
| Chinatrust Bank | AOB Commerce, Inc. | 26911-35385 |
| Chinatrust Bank | AOB Commerce, Inc. | 26004151 |
| Chinatrust Bank | AOB Commerce, Inc. | 26300699 |
| Chinatrust Bank | AOB Commerce, Inc. | 26600293 |
| Chinatrust Bank | Terchi Liao | 26012839 |
| Continental Bank of America | AOB Commerce, Inc. | 1120-1638 |
| Continental Bank of America | AOB Commerce, Inc. | 1160-1458 |
| East West Bank | AOB Asia Fund I, LLC | 83702258 |
| East West Bank | AOB Asia Fund I, LLC | 83702688 |
| East West Bank | AOB Commerce, Inc. | 05805239 |
| East West Bank | AOB Commerce, Inc. | 05806658 |
| East West Bank | AOB Commerce, Inc. | 14033799 |
| East West Bank | AOB Commerce, Inc. | 83702829 |
| East West Bank | AOB Commerce, Inc. | 83702886 |
| East West Bank | AOB Commerce, Inc. | 88366178 |
| East West Bank | AOB Commerce, Inc. dba Garfield Venture | 05806039 |
| East West Bank | AOB Commerce, Inc. dba Gabriel Maros Meza | 05806989 |
| East West Bank | AOB Management, Inc. | 15215510 |
| East West Bank | AOB Management, Inc. | 83701938 |
| East West Bank | AOB Management, Inc. | 83702738 |
| East West Bank | AOB Media, Inc. | 83700898 |
| East West Bank | AOB Transportation, Inc. | 83701383 |
| East West Bank | AOB Vacations, Inc. | 83701888 |
| East West Bank | Terchi Liao | 05806559 |
| East West Bank | Terchi Liao | 13954888 |
| EverTrust Bank | AOB Commerce, Inc. | 1505939 |
| EverTrust Bank | AOB Commerce, Inc. | 2511673 |
| EverTrust Bank | AOB Commerce, Inc. | 2512309 |
| Heng Shang Bank (Hong Kong) | Terchi Liao | 024-283-547-537-001 |
| Huaxia Bank (Beijing) | Terchi Liao | 6226-3001-1289-6658 |
| Tomato Bank | Terchi Liao | 0702110253 |
| Transamerica Bank | Terchi Liao | 97-004690 |
| Transamerica Bank | Terchi Liao | 97-006235 |

## VII.

IT IS FURTHER ORDERED that Robb Evans & Associates LLC is appointed as permanent receiver (the "Receiver") over AOB Commerce, AOB Asia Fund, and the Relief Defendants, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of any of the entities in receivership and that such Receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by any of the entities in receivership with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, and all accounts over which any of their employees or agents have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of any of the entities in receivership or which maintains any accounts over which any of the entities in receivership and/or any of their officers, employees or agents have signatory authority;

    C.    to conduct such investigation and discovery as may be necessary to locate, account for and recover all of the assets of or managed by (and to account for and pursue recovery of the losses of) any of the entities in receivership and to engage and employ attorneys, accountants and

1      other persons to assist in such investigation and discovery;

2      D.    to take such action as is necessary and appropriate to preserve and

3            take control of and to prevent the dissipation, concealment, or

4            disposition of any assets of or managed by any of the entities in

5            receivership;

6      E.    to make an accounting, as soon as practicable, to this Court and the

7            Commission of the assets and financial condition of the entities in

8            receivership and the assets under their management, and to file the

9            accounting with the Court and deliver copies thereof to all parties;

10     F.    to make such payments and disbursements from the funds and assets

11           taken into custody, control and possession or thereafter received by it,

12           and to incur, or authorize the making of, such agreements as may be

13           necessary and advisable in discharging its duties as Receiver;

14     G.    to employ attorneys, accountants and others to investigate and, where

15           appropriate, to institute, pursue, and prosecute all claims and causes of

16           action of whatever kind and nature which may now or hereafter exist

17           as a result of the activities of the entities in receivership; and

18     H.    to have access to, monitor, and redirect all mail (including email and

19           facsimile) of the entities in receivership in order to review such mail

20           which it deems relates to their business and the discharging of its

21           duties as Receiver.

22                                    **VIII.**

23           IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

24     Fund, Liao, and the Relief Defendants, and their subsidiaries and affiliates, and

25     their officers, agents, servants, employees and attorneys, and any other persons

26     who are in custody, possession or control of any assets, collateral, books, records,

27     papers, or other property of or managed by AOB Commerce, AOB Asia Fund,

28     Liao, and the Relief Defendants, or their subsidiaries or affiliates, shall forthwith

8

1    give access to and control of such property to the Receiver.

2                                        IX.

3            IT IS FURTHER ORDERED that no officer, agent, servant, employee, or

4    attorney of AOB Commerce, AOB Asia Fund, Liao, and the Relief Defendants, or

5    their subsidiaries or affiliates shall take any action or purport to take any action, in

6    the name of or on behalf of AOB Commerce, AOB Asia Fund, Liao, and the Relief

7    Defendants, or any of their subsidiaries or affiliates, without the written consent of

8    the Receiver or order of this Court.

9                                        X.

10           IT IS FURTHER ORDERED that, except by leave of this Court, during the

11   pendency of this receivership, all clients, investors, trust beneficiaries, note

12   holders, creditors, claimants, lessors, and all other persons or entities seeking relief

13   of any kind, in law or in equity, from AOB Commerce, AOB Asia Fund, and the

14   Relief Defendants, or their subsidiaries or affiliates, and all persons acting on

15   behalf of any such investor, trust beneficiary, note holder, creditor, claimant,

16   lessor, or other person, including sheriffs, marshals, servants, agents, employees,

17   and attorneys, are hereby restrained and enjoined from, directly or indirectly, with

18   respect to any of these entities:

19           A.    commencing, prosecuting, continuing or enforcing any suit or

20                 proceeding (other than the present action by the Commission) against

21                 any of them;

22           B.    using self-help or executing or issuing or causing the execution or

23                 issuance of any court attachment, subpoena, replevin, execution or

24                 other process for the purpose of impounding or taking possession of

25                 or interfering with or creating or enforcing a lien upon any property or

26                 property interests owned by or in the possession of any of the entities,

27                 wherever situated; and

28           C.    doing any act or thing whatsoever to interfere with taking control,

9

1    possession or management by the Receiver appointed hereunder of the

2    property and assets owned, controlled or managed by or in the

3    possession of any of the entities, or in any way to interfere with or

4    harass the Receiver or his or her attorneys, accountants, employees or

5    agents or to interfere in any manner with the discharge of the

6    Receiver's duties and responsibilities hereunder.

7                                    **XI.**

8         IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

9    Fund, Liao, and the Relief Defendants, and their subsidiaries, affiliates, officers,

10   agents, servants, employees and attorneys, shall cooperate with and assist the

11   Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or

12   otherwise interfere with the Receiver or its attorneys, accountants, employees or

13   agents, in the conduct of the Receiver's duties or to interfere in any manner, directly

14   or indirectly, with the custody, possession, management, or control by the Receiver

15   of the funds, assets, collateral, premises, and choses in action described above.

16                                   **XII.**

17        IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

18   Fund, and Liao shall pay the costs, fees and expenses of the Receiver incurred in

19   connection with the performance of its duties described in this Order, including the

20   costs and expenses of those persons who may be engaged or employed by the

21   Receiver to assist it in carrying out its duties and obligations. All applications for

22   costs, fees and expenses for services rendered in connection with the receivership

23   other than routine and necessary business expenses in conducting the receivership,

24   such as salaries, rent and any and all other reasonable operating expenses, shall be

25   made by application setting forth in reasonable detail the nature of the services and

26   shall be heard by the Court.

27                                   **XIII.**

28        IT IS FURTHER ORDERED that no bond shall be required in connection

1 | with the appointment of the Receiver. Except for an act of gross negligence, the

2 | Receiver shall not be liable for any loss or damage incurred by any of the

3 | defendants, their officers, agents, servants, employees and attorneys or any other

4 | person, by reason of any act performed or omitted to be performed by the Receiver

5 | in connection with the discharge of its duties and responsibilities.

6 | **XIV.**

7 | IT IS FURTHER ORDERED that defendants AOB Commerce, AOB Asia

8 | Fund, and Liao, each shall, within five days, of the date of issuance of this Order,

9 | prepare and deliver to the Commission a detailed and complete schedule of their

10 | assets, including all real and personal property exceeding $5,000 in value, and all

11 | bank, securities, futures and other accounts identified by institution, branch address

12 | and account number. The accountings shall include a description of the source(s)

13 | of all such assets. Such accountings shall be filed with the Court and copies shall

14 | be delivered to the Commission's Los Angeles Regional Office, located at 5670

15 | Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. After completion

16 | of the accountings, AOB Commerce, AOB Asia Fund, and Liao, shall each

17 | produce to the Commission's Los Angeles Regional Office, at a time agreeable to

18 | the Commission, all books, records and other documents supporting or underlying

19 | the accountings.

20 | **XV.**

21 | IT IS FURTHER ORDERED that, except as otherwise ordered by this

22 | Court, defendants AOB Commerce, AOB Asia Fund, and Liao, and their officers,

23 | agents, servants, employees, attorneys, subsidiaries and affiliates, and those

24 | persons in active concert or participation with any of them, who receive actual

25 | notice of this Order, by personal service or otherwise, and each of them, be and

26 | hereby are preliminarily restrained and enjoined from, directly or indirectly,

27 | destroying, mutilating, concealing, transferring, altering, or otherwise disposing of,

28 | in any manner, any documents, which includes all books, records, computer

11

1   programs, computer files, computer printouts, contracts, correspondence,

2   memoranda, brochures, or any other documents of any kind in their possession,

3   custody or control, however created, produced, or stored (manually, mechanically,

4   electronically, or otherwise), pertaining in any manner to defendants AOB

5   Commerce, AOB Asia Fund, Liao, and the Relief Defendants.

6                           **XVI.**

7       IT IS FURTHER ORDERED that this Court shall retain jurisdiction over

8   this action for the purpose of implementing and carrying out the terms of all orders

9   and decrees which may be entered herein and to entertain any suitable application

10   or motion for additional relief within the jurisdiction of this Court.

11                          **XVII.**

12       IT IS FURTHER ORDERED that defendant Liao's request to undo or

13   otherwise modify the terms of the asset freeze as set forth in paragraph VI herein is

14   DENIED. *without prejudice to defendant Liao making a showing on noticed*

15   *motion that he is entitled to reasonable living expenses. Counsel for defendants*

16   *shall receive a $25,000 advance of attorneys' fees in accordance with*

      IT IS SO ORDERED. *the Court's august 13, 2007 minute order.*

17

18   DATED:   <u>8/13/07</u>   , ~~2007~~

19

20                       <u>*Christina A. Snyder*</u>

21                       The Honorable Christina A. Snyder
                      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

## PROOF OF SERVICE

1

I am over the age of 18 years and not a party to this action.  My business address is:

2

3   [X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire
Boulevard, 11th Floor, Los Angeles, California 90036-3648

4         Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

5   On August 6, 2007, I served the document entitled [PROPOSED] PRELIMINARY
INJUNCTION ORDER AND ORDERS (1) APPOINTING PERMANENT RECEIVER AND
6   (2) DENYING DEFENDANT LIAO'S REQUEST FOR RELEASE OF FUNDS upon the
parties to this action addressed as stated on the attached service list:

7

8   [X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for
collection and mailing today following ordinary business practices.  I am
readily familiar with this agency's practice for collection and processing of
9         correspondence for mailing; such correspondence would be deposited with
the U.S. Postal Service on the same day in the ordinary course of business.

10

11        [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed
envelope(s), which I personally deposited with the U.S. Postal Service.
Each such envelope was deposited with the U.S. Postal Service at Los
12        Angeles, California, with first class postage thereon fully prepaid.

13        [ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility
regularly maintained at the U.S. Postal Service for receipt of Express
14        Mail at Los Angeles, California, with Express Mail postage paid.

15  [ ]   **HAND DELIVERY:**  I caused to be hand delivered such
envelope/document to each addressee on the attached service list.

16

17  [ ]   **FEDERAL EXPRESS:**  By placing in sealed envelope(s) designated by
Federal Express with delivery fees paid or provided for, which I deposited in
a facility regularly maintained by Federal Express or delivered to a Federal
18        Express courier, at Los Angeles, California.

19  [ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail
to the electronic mail address as stated on the attached service list.

20

21  [X]   **FAX:**  By transmitting the document by facsimile transmission.  The
transmission was reported as complete and without error.

22  [X]   **(Federal)** I declare that I am employed in the office of a member of the bar
of this Court, at whose direction the service was made.  I declare under
23        penalty of perjury that the foregoing is true and correct.

24

25  Date: August 6, 2007            _Magnoli M Marcel_

26                                  MAGNOLIA M. MARCELO

27

28

<table>
<tr><td>1</td><td></td></tr>
</table>

**SEC v. AOB Commerce, Inc., et al.**
**United States District Court – Central District of California**
**Case No. CV 07-4507 CAS (JCx)**
**(LA-3320)**

**SERVICE LIST**

Tom Fang-Yao King, Esq. **(served by facsimile and U.S. mail)**
150 N Santa Anita Avenue, Suite 300
Arcadia, CA 91006
Telephone: (626) 821-1880
Facsimile: (626) 821-1890
*Attorney for Defendant Terchi Liao a/k/a Nelson Liao*


Robert M. Yaspan, Esq. **(served by facsimile and U.S. mail)**
Robert M. Berger, Esq.
Law Offices of Yaspan & Thau
21700 Oxnard Street, Suite 1750
Woodland Hills, CA 91367
Telephone: (818) 774-9929
Facsimile: (818) 774-9989
*Attorney for Defendant Terchi Liao a/k/a Nelson Liao*


Lesley A. Hawes, Esq. **(served by facsimile and U.S. mail)**
McKenna Long & Aldridge LLP
444 S Flower Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 688-1000
Facsimile: (213) 243-6330
*Attorney for Temporary Receiver Robb Evans & Associates, LLC*


Robb Evans, Receiver **(served by facsimile and U.S. mail)**
Robb Evans & Associates
11450 Sheldon Street
Sun Valley, CA 91352-1121
Facsimile: (818) 768-8802
*Temporary Receiver for Entity Defendants AOB Commerce and*
*AOB Asia Fund I, LLC, and for Entity Relief Defendants AOB*
*Management, Inc., AOB Media, Inc., AOB Transportation, Inc., and*
*AOB Vacations, Inc.*

# Exhibit 3

1  JOHN B. BULGOZDY, Cal. Bar. No. 219897
    Email: bulgozdyj@sec.gov

JS-6

2  PETER F. DEL GRECO, Cal. Bar. No. 164925
    Email: delgrecop@sec.gov

3

    Attorneys for Plaintiff

4  Securities and Exchange Commission
    Rosalind R. Tyson, Regional Director

5  Andrew G. Petillon, Associate Regional Director
    John M. McCoy III, Regional Trial Counsel

6  5670 Wilshire Boulevard, 11th Floor
    Los Angeles, California 90036

7  Telephone:  (323) 965-3998
    Facsimile:  (323) 965-3908

8

9             **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11                 **WESTERN DIVISION**

| | |
|---|---|
| 12  SECURITIES AND EXCHANGE<br>COMMISSION, | Case No. CV 07-4507 CAS (JCx) |
| 13 | **JUDGMENT OF PERMANENT** |
| 14        Plaintiff, | **INJUNCTION AND OTHER RELIEF**<br>**AGAINST DEFENDANTS AOB** |
| 14        vs. | **COMMERCE AND AOB ASIA FUND I,** |
| 15 | **LLC, AND RELIEF DEFENDANTS AOB** |
| 16  AOB COMMERCE, INC.; AOB ASIA<br>FUND I, LLC; and TERCHI LIAO a/k/a | **MANAGEMENT, INC., AOB MEDIA,**<br>**INC., AOB TRANSPORTATION, INC.,** |
| 17  NELSON LIAO, | **AND AOB VACATIONS, INC.** |
| 18        Defendants, | |
| 19      and | |
| 20  AOB MANAGEMENT, INC.; AOB<br>MEDIA, INC.; AOB TRANSPORTATION, | |
| 21  INC.; and AOB VACATIONS, INC., | |
| 22      Relief Defendants. | |

23

24

25

26

27

28

1        Plaintiff Securities and Exchange Commission ("Commission") having filed

2 a Complaint and Defendants AOB Commerce and AOB Asia Fund I, LLC,

3 (collectively "AOB Defendants") and Relief Defendants AOB Management, Inc.,

4 AOB Media, Inc., AOB Transportation, Inc., and AOB Vacations, Inc.,

5 (collectively "Relief Defendants") having entered a general appearance; consented

6 to the Court's jurisdiction over AOB Defendants and Relief Defendants and the

7 subject matter of this action; consented to entry of this Judgment without admitting

8 or denying the allegations of the Complaint (except as to jurisdiction); waived

9 findings of fact and conclusions of law; and waived any right to appeal from this

10 Judgment:

11                                     **I.**

12        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that AOB

13 Defendants and their agents, servants, employees, attorneys, and all persons in

14 active concert or participation with them who receive actual notice of this

15 Judgment by personal service or otherwise are permanently restrained and enjoined

16 from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act

17 of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated

18 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of

19 interstate commerce, or of the mails, or of any facility of any national securities

20 exchange, in connection with the purchase or sale of any security:

21        (a)     to employ any device, scheme, or artifice to defraud;

22        (b)     to make any untrue statement of a material fact or to omit to state a

23                       material fact necessary in order to make the statements made, in the

24                       light of the circumstances under which they were made, not

25                       misleading; or

26        (c)     to engage in any act, practice, or course of business which operates or

27                       would operate as a fraud or deceit upon any person.

28 ///

1

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that AOB Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that AOB Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly:

(a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    unless a registration statement is in effect as to a security, carrying or

2

1   causing to be carried through the mails or in interstate commerce, by

2   any means or instruments of transportation, any such security for the

3   purpose of sale or for delivery after sale; or

4   (c)   making use of any means or instruments of transportation or

5   communication in interstate commerce or of the mails to offer to sell

6   or offer to buy through the use or medium of any prospectus or

7   otherwise any security, unless a registration statement has been filed

8   with the Commission as to such security, or while the registration

9   statement is the subject of a refusal order or stop order or (prior to the

10   effective date of the registration statement) any public proceeding or

11   examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

12   **IV.**

13   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that AOB

14   Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest

15   thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15

16   U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3),

17   and that Relief Defendants will disgorge any consideration obtained from AOB

18   Defendants.  The Court shall determine the amounts of the disgorgement and civil

19   penalty upon motion of the Commission.  Prejudgment interest shall be calculated

20   from July 12, 2007, based on the rate of interest used by the Internal Revenue

21   Service for the underpayment of federal income tax as set forth in 26 U.S.C. §

22   6621(a)(2).

23   **V.**

24   In connection with the Commission's motion(s) for disgorgement and/or

25   civil penalties and at any hearing held on such motion: (a) AOB Defendants will be

26   precluded from arguing that they did not violate the federal securities laws as

27   alleged in the Complaint; (b) AOB Defendants and Relief Defendants may not

28   challenge the validity of the Consent or this Judgment; (c) solely for the purposes

1   of such motion, the allegations of the Complaint shall be accepted as and deemed

2   true by the Court; and (d) the Court may determine the issues raised in the motion

3   on the basis of affidavits, declarations, excerpts of sworn deposition or

4   investigative testimony, and documentary evidence, without regard to the standards

5   for summary judgment contained in Rule 56(c) of the Federal Rules of Civil

6   Procedure.  In connection with the Commission's motion for disgorgement, civil

7   penalties, and/or an order prohibiting Defendant from acting as an officer or

8   director of certain issuers, the parties may take discovery, including discovery from

9   appropriate non-parties.

10                                                **VI.**

11          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

12   Consent is incorporated herein with the same force and effect as if fully set forth

13   herein, and that AOB Defendants and Relief Defendants shall comply with all of

14   the undertakings and agreements set forth therein.

15                                               **VII.**

16          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except

17   as expressly modified herein, all prior orders of the Court issued in this action,

18   including without limitation the Preliminary Injunction Order and Orders (1)

19   Appointing Permanent Receiver and (2) Denying Defendant Liao's Request for

20   Release of Funds, and the asset freeze and receivership provisions set forth therein,

21   shall remain in full force and effect.

22                                               **VIII.**

23          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

24   Court shall retain jurisdiction of this matter for all purposes, including without

25   limitation for the purposes of construing, modifying and enforcing the terms of this

26   Judgment.

27   ///

28   ///

                                                  4

1

**IX.**

2      There being no just reason for delay, pursuant to Rule 54(b) of the Federal

3  Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and

4  without further notice.

5

6  Dated: September 3, 2008

7  HONORABLE CHRISTINA A. SNYDER
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# Exhibit 4

1  GARY OWEN CARIS (SBN 088918)
   E-MAIL:  gcaris@mckennalong.com
2  LESLEY ANNE HAWES (SBN 117101)
   E-MAIL:  lhawes@mckennalong.com
3  MCKENNA LONG & ALDRIDGE LLP
   444 South Flower Street, 8th Floor
4  Los Angeles, CA  90071-2901
   Telephone:   (213) 688-1000
5  Facsimile:   (213) 243-6330

6  Attorneys for Permanent Receiver
   **ROBB EVANS & ASSOCIATES LLC**

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

| 11 | SECURITIES AND EXCHANGE COMMISSION, | CASE NO.  CV 07-04507 CAS (JCx) |
|---|---|---|
| 12 | | **ORDER (1) APPROVING RECEIVER'S PROPOSED CLAIMS FILING AND ALLOWANCE PROCEDURES; (2) AUTHORIZING PRO RATA DISTRIBUTION OF ESTATE PROCEEDS AMONG CREDITORS; (3) AUTHORIZING RECEIVER TO COMMENCE LITIGATION; AND (4) ESTABLISHING LIMITED NOTICE PROCEDURES** |
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | AOB COMMERCE, INC.; AOB ASIA FUND I, LLC; and TERCHI LIAO a/k/a NELSON LIAO, | |
| 16 | | |
| 17 | Defendants, | |
| 18 | and | |
| 19 | AOB MANAGEMENT, INC.; AOB MEDIA, INC.; AOB TRANSPORTATION, INC.; and AOB VACATIONS, INC., | DATE:      June 15, 2009<br>TIME:      10:00 a.m.<br>PLACE:    Courtroom 5 |
| 20 | | |
| 21 | | |
| 22 | Relief Defendants. | |

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17608169.1

1

[PROPOSED] ORDER (1) APPROVING RECEIVER'S PROPOSED CLAIMS
FILING AND ALLOWANCE PROCEDURES, ETC.

64

1       The matter of the Motion for Order (1) Approving Receiver's Proposed

2    Claims Filing and Allowance Procedures; (2) Authorizing Pro Rata Distribution of

3    Estate Proceeds Among Creditors; (3) Authorizing Receiver to Commence

4    Litigation; and (4) Establishing Limited Notice Procedures ("Motion") filed by

5    Robb Evans & Associates LLC, the permanent receiver ("Receiver") over AOB

6    Commerce, Inc. and AOB Asia Fund I, LLC and Relief Defendants AOB

7    Management, Inc., AOB Media, Inc., AOB Transportation, Inc. and AOB

8    Vacations, Inc., and their subsidiaries and affiliates ("Receivership Entities"), came

9    on regularly for hearing at the above-referenced date, time and place before the

10    Honorable Christina A. Snyder, United States District Judge presiding.  Gary Owen

11    Caris of McKenna Long & Aldridge LLP appeared on behalf of the Receiver and

12    other appearances, if any, were made as noted in the record of the hearing.    There

13    were no other appearances despite due and proper notice.  The Court having read

14    and considered the Motion and all supporting papers, and opposition to the Motion,

15    if any, and good cause appearing therefor,

16       IT IS ORDERED that:

17       1.    The Motion is granted in its entirety;

18       2.    Without limiting the generality of the foregoing:

19       A.    The Court hereby approves the Receiver's proposed procedures for the

20    filing, allowance, calculation of and determination of objections to claims against

21    the receivership estate as set forth in detail in the Motion;

22       B.    The Receiver is authorized to make distributions of receivership assets

23    on Allowed Investor and Non-Investor Claims on a pro rata basis as requested in

24    the Motion;

25       C.    The Receiver is authorized to commence litigation against "winning"

26    investors and/or sales agents to recover payments made by the Receivership Entities

27    in excess of the amounts invested by such investors and/or payments designated as

28    "commissions" paid by the Receivership Entities in connection with the solicitation

2

LA:17608169.1

1   and sale of the fraudulent securities, subject to the Receiver's discretion.

2         D.      The Receiver's request to limit notice of hearings on motions by the

3   Receiver subject to Local Rule 66-7 ("Rule 66-7 Motions") pursuant to the limited

4   notice procedures set forth in the Motion is granted, the limited notice procedures

5   set forth in the Motion are hereby approved, and notice of a hearing on Rule 66-7

6   Motions by the Receiver in this case shall be deemed sufficient if the notice of

7   hearing is served on the parties to the case and on those investors and known non-

8   investor creditors who submit a written request to the Receiver to be included in the

9   Receiver's service list for the case under the limited notice procedures set forth in

10   the Motion.

11

12   DATED:     June 15, 2009

13                                             CHRISTINA A. SNYDER
                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17608169.1

3

[PROPOSED] ORDER (1) APPROVING RECEIVER'S PROPOSED CLAIMS
FILING AND ALLOWANCE PROCEDURES, ETC.

1    **CERTIFICATE OF SERVICE**

2        I am a citizen of the United States and employed in Los Angeles County,

3    California.  I am over the age of eighteen years and not a party to the within-entitled

4    action.  My business address is 444 South Flower Street, 8th Floor, Los Angeles,

5    California  90071.

6        On May 20, 2009, I served the **[PROPOSED] ORDER (1) APPROVING**

7    **RECEIVER'S PROPOSED CLAIMS FILING AND ALLOWANCE**

8    **PROCEDURES; (2) AUTHORIZING PRO RATA DISTRIBUTION OF**

9    **ESTATE PROCEEDS AMONG CREDITORS; (3) AUTHORIZING**

10   **RECEIVER TO COMMENCE LITIGATION; AND (4) ESTABLISHING**

11   **LIMITED NOTICE PROCEDURES** upon the parties and/or counsel listed and

12   by the methods indicated on the attached Service List.

13       I declare under the penalty of perjury that the foregoing is true and correct,

14   and that I am employed in the office of a member of the bar of this Court at whose

15   direction the service was made.  Executed on May 20, 2009 at Los Angeles,

16   California.

17

18                                   */s/ Pamela A. Coates*
                                   Pamela A. Coates

19

20

21

22

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17608169.1

4

[PROPOSED] ORDER (1) APPROVING RECEIVER'S PROPOSED CLAIMS
FILING AND ALLOWANCE PROCEDURES, ETC.

67

## SERVICE LIST

The following CM/ECF participants were served by electronic means on May 20, 2009:

**John B. Bulgozdy** – bulgozdyj@sec.gov

**Peter F. Del Greco** – delgrecop@sec.gov

**Quyen Cao Hoang** – quinnchoag@netscape.net

**Tom Fang-Yao King** – tomfyking@hotmail.com

**Robert M. Yaspan** – ryaspan@yaspanlaw.com

The following non-CM/ECF participants were served by first-class mail, postage prepaid on May 20, 2009:

Spencer Evan Bendell
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036

Robert M. Berger
Yaspan and Thau
21700 Oxnard Street, Suite 1750
Woodland Hills, CA 91367

Kelly Curtis Bowers
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036

Briane Nelson Mitchell
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036

[PROPOSED] ORDER (1) APPROVING RECEIVER'S PROPOSED CLAIMS FILING AND ALLOWANCE PROCEDURES, ETC.

McKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17608169.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV10- 1856 DDP (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Gary Owen Caris, SBN 088918; Lesley Anne Hawes, SBN
117101, Angela E. Fones, SBN 245204
McKenna Long & Aldridge LLP
300 South Grand Avenue, Fourteenth Floor
Los Angeles, California 90071
Telephone: 213-688-1000
Facsimile:  213-243-6330

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robb Evans & Associates LLC as Receiver for AOB Commerce, Inc., AOB Asia Fund I, LLC, AOB Management, Inc., AOB Media, Inc., AOB Transportation, Inc., AOB Vacations, Inc. and their Subsidiaries and Affiliates,<br><br>PLAINTIFFS,<br><br>v.<br><br>David Fan; Carolyn Fan; Te Ming Chu also known as Simon Chu; Harvest Tree Inc., a California corporation; Rose L. Kelly; Yuan-Hai Li; Minh Nguyen; Hsien-Hsiang Tsai also known as Matthew Tsai; Gerald Upshaw; and Julianne Upshaw,<br><br>DEFENDANTS. | Case Number<br><br>CV10 1856 DDP (SHx)<br><br>**SUMMONS** |

TO: DEFENDANT(S):     David Fan; Carolyn Fan; Te Ming Chu also known as Simon Chu; Harvest Tree Inc., a California corporation; Rose L. Kelly; Yuan-Hai Li; Minh Nguyen; Hsien-Hsiang Tsai also known as Matthew Tsai; Gerald Upshaw; and Julianne Upshaw.

A lawsuit has been filed against you.

Within 21 **days** after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ **complaint** ☐ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, **McKenna Long & Aldridge LLP** , whose address is **300 South Grand Avenue, Fourteenth Floor, Los Angeles, California  90071**.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ MAR 1 5 2010 _____

By: _____     **CHRISTOPHER POWERS**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a) (3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS David Fan; Carolyn Fan; Te Ming Chu aka Simon |
|---|---|
| obb Evans & Associates LLC as Receiver for AOB Commerce, nc., AOB Asia Fund I, LLC, AOB Management, Inc., AOB edia, Inc., AOB Trans., Inc., AOB Vacations, Inc. | Chu; Harvest Tree Inc.; Rose L. Kelly; Yuan-Hai Li; Minh Nguyen; Hsien-Hsiang Tsai aka Matthew Tsai; Gerald Upshaw; and Julianne Upshaw |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gary Owen Caris, SBN 088918; Lesley Anne Hawes, SBN 117101; Angela E. Fones, SBN 245204 McKenna Long & Aldridge LLP 300 South Grand Avenue, Fourteenth Floor Los Angeles, California 90071 Telephone: 213-688-1000; Facsimile: 213-243-6330 | |

**BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**'. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☒ MONEY DEMANDED IN COMPLAINT: $ 1,924,653

**'I. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

voidance of Fraudulent Conveyance [Cal. Civ. Code Section 3439.04(a)(1), 3439.04(a)(2), and 3439.05]; urnover of Receivership Property; and Unjust Enrichment/Constructive Trust

**'II. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☒ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |

CV10 1856

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

VIII(b).  **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ ] No [X] Yes

If yes, list case number(s):  SEC v. AOB Commerce, Inc., et al., Case No.: CV07-4507 CAS (JCx)X

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply:
[X]  A. Arise from the same or closely related transactions, happenings, or events; or
[X]  B. Call for determination of the same or substantially related or similar questions of law and fact; or
[X]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ]  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

X.  **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ]  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Robb Evans & Associates LLC, Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ]  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See attachment | See attachment |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See attachment | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Gary Owen Caris_   Date _March 15, 2010_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ATTACHMENT TO

# CIVIL COVER SHEET

## IX. VENUE:

(b)

| Parties | County/State |
|---|---|
| David Fan | Santa Clara County |
| Carolyn Fan | Santa Clara County |
| Te Ming Chu, aka Simon Chu | San Mateo County |
| Harvest Tree Inc. | San Mateo County |
| Rose L. Kelly | Contra Costa County |
| Yuan-Hai Li | Santa Clara County |
| Minh Nguyen | Santa Clara County |
| Hsien-Hsiang Tsai, aka Matthew Tsai | Alameda County |
| Gerald Upshaw | Santa Clara County |
| Julianne Upshaw | Santa Clara County |

(c)

| Parties | County/State |
|---|---|
| David Fan | Los Angeles County |
| Carolyn Fan | Los Angeles County |
| Te Ming Chu, aka Simon Chu | Los Angeles County |
| Harvest Tree Inc. | Los Angeles County |
| Rose L. Kelly | Los Angeles County |
| Yuan-Hai Li | Los Angeles County |
| Minh Nguyen | Los Angeles County |

Hsien-Hsiang Tsai, aka Matthew Tsai        Los Angeles County

Gerald Upshaw                              Los Angeles County

Julianne Upshaw                            Los Angeles County